

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
08/18/2008

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| BONNIE K. STAFFORD, | ) | CASE NO. 05-83418-G3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has considered the "Debtor's Motion to Pay Standard Mortgage Payments Direct to Mortgage Holder for Modified Chapter 13 Plan" (Docket No. 62). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Bonnie K. Stafford ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 14, 2005. The case was converted to a case under Chapter 13 of the Bankruptcy Code by order entered February 22, 2006 (Docket No. 18). Debtor's Chapter 13 plan was confirmed by order entered July 25, 2006 (Docket No. 46).

In the confirmed Chapter 13 plan, Debtor paid regular monthly mortgage payments directly to the mortgage holder.

Debtor subsequently proposed a modification to the plan (Docket No. 55), in which Debtor proposed to cure a prepetition mortgage arrearage in the amount of $11,460.00, and a postpetition mortgage arrearage in the amount of $2,419.89 through the plan, while continuing to make regular monthly mortgage payments directly to the mortgage holder. The court has denied approval of the modification (Docket No. 65).

In the instant motion, Debtor seeks approval to continue making direct payments to the mortgage holder in a future modification. Debtor asserts that it would present a substantial hardship for her to make payments through the trustee, because an additional Trustee's fee of $41.12 per month would be incurred.

At the hearing on the instant motion, Debtor presented no evidence in support of the motion.

<u>Conclusions of Law</u>

Beginning in cases filed on October 17, 2005, the court adopted amendments to the Local Rules, and also adopted Home Mortgage Payment Procedures. These procedures require that regular monthly mortgage payments in Chapter 13 cases, where the plan proposes to cure a default, be made through the Chapter 13 Trustee.

With respect to cases pending on October 17, 2005, the court has addressed the question of the application of the Home

Mortgage Payment Procedures, in In re Hare, Case No. 05-81664-G3-13 (Slip Op. March 6, 2007) and In re Hodonou, Case No. 04-82516-G3-13 (Slip Op. March 6, 2007).  The rule announced in Hare and Hodonou is that, if a Debtor proposes to modify the treatment of a home mortgage claim after plan confirmation, the debtor must either make the regular monthly mortgage payments through the plan, or present evidence sufficient to allow the court to make a determination that the debtor should be permitted to disburse mortgage payments directly to the mortgage holder.[1]

---

[1] The court generally considers, in determining whether to permit direct disbursement (1) the degree of responsibility of the debtor, as evidenced by his past dealing with his creditors; (2) the reasons contributing to the debtor's need for filing a Chapter 13 petition and plan; (3) any delays that the trustee might make in remitting the monthly payment to the targeted creditor; (4) whether the proposed plan modifies the debt; (5) the sophistication of the targeted creditor; (6) the ability and incentive of the creditor to monitor payments; (7) whether the debt is a commercial or consumer debt; (8) the ability of the debtor to reorganize absent direct payments; (9) whether the payment can be delayed; (10) the number of payments proposed to pay the targeted claim; (11) whether a direct payment by the debtor under the proposed plan will impair the trustee's ability to perform his standing trustee duties; (12) unique or special circumstances of a particular case; (13) the business acumen of the debtor; (14) the debtor's post-filing compliance with statutory and court-imposed duties; (15) the good faith of the debtor; (16) the plan treatment of each creditor to which a direct payment is proposed to be made; (17) the consent, or lack thereof, by the affected creditor to the proposed plan treatment; (18) the ability of the trustee and the court to monitor future direct payments; (19) the potential burden on the trustee; (20) the possible effect upon the trustee's salary or funding the U.S. Trustee system; and (21) the potential for abuse of the bankruptcy system.  In re Perez, 339 B.R. 385 (Bankr. S.D. Tex. 2006).

In the instant case, Debtor proposes to modify the mortgage treatment, beyond the treatment in the confirmed plan. Debtor has presented no evidence to enable the court to make a determination on whether to permit direct disbursement. The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Debtor's Motion to Pay Standard Mortgage Payments Direct to Mortgage Holder for Modified Chapter 13 Plan" (Docket No. 62).

Signed at Houston, Texas on August 18, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE